### J. N. KIMBERLIN ET AL. v. H. B. WESTERMAN ET AL.
#### No. 2768.

**Community Property.**—Land was conveyed to a man four years after his marriage to a third wife. In a suit by parties claiming under rights which accrued during the second marriage, *held*, that to establish a trust in the land it was necessary for the parties alleging the trust to show that it was paid for with funds which belonged in common to the husband and the heirs of the second wife. Where the testimony was unsatisfactory or contradictory upon the issue, the findings of the court against the alleged trust will not be revised.

APPEAL from Hopkins. Tried below before Hon. E. W. Terhune. The opinion states the case.

*King & Whittle,* for appellants.

*Leach & Templeton* and *Hiram Glass,* for appellees.

GAINES, ASSOCIATE JUSTICE.—Wilson T. Westerman was first married in 1845. The wife of that marriage having died, he was again united in wedlock in 1850 to one Margaret T. Smith. She died in 1857, and again in 1858 he was married to Susan J. Davis. He died in 1864, leaving his last wife surviving him. He also left two children by his third wife, to-wit, H. B. Westerman and P. B. Westerman. By his first wife Wilson T. Westerman left a son Charles, and by his second a son John and a daughter Malinda, all of whom conveyed their interests in the lands in controversy to appellant J. N. Kimberlin. By his second wife he also left a son George, who died unmarried and without issue, and a daughter, who married Kimberlin, and subsequently died leaving

two minor children.   This suit was brought by the last wife, joined by her present husband and H. B. and P. B. Westerman, her sons by Wilson T. Westerman, against J. N. Kimberlin and his two minor children by Serothe Westerman, for the partition of six tracts of land which were conveyed to Wilson T. Westerman in his lifetime.   A decree was entered for a partition of the property among the parties according to the respective interests in each parcel as found by the court, and from that decree the defendants below prosecute this appeal, assigning only that the court erred in finding that a tract of land known as the Sparks survey was community property of W. T. Westerman and his third wife, and in not holding that it was the community property of him and his second wife.

The deed to Westerman for this tract of land was executed in 1862, more than four years after his marriage to his third wife, and the presumption is that it was the common property of that marital union.   To establish a trust in the land it was necessary for the appellants to show that it was paid for with the property or funds which belonged in common to the husband and the heirs of the second wife.   Upon this question the evidence was conflicting.   There was some testimony introduced by appellants which tended to support this conclusion, but it was not of a satisfactory character.   On the other hand, Mrs. Jones, the third wife, testified that the land was paid for with money made by the husband after their marriage.   Under this state of case the court did not err in the conclusion that the tract of land in question belonged to the community of Westerman and his third wife.

There is no error in the proceedings pointed out by the assignment, and the judgment is affirmed.

*Affirmed.*

Delivered November 15, 1889.